UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUCIEN P. BAZLEY (#358366)

VERSUS                                          CIVIL ACTION

WARDEN PRINCE, ET AL                            NUMBER 13-520-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 8, 2014.

                                 STEPHEN C. RIEDLINGER
                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUCIEN P. BAZLEY (#358366)

VERSUS                                          CIVIL ACTION

WARDEN PRINCE, ET AL                            NUMBER 13-520-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion to Dismiss. Record document number 20. The motion is not opposed.

Pro se plaintiff, while confined at Hunt Correctional Center("HCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Prince, Warden Tilman, Lt. Col. Beary, Col. Skeals, Msgt. Diggs, Msgt. N, Capt. Avasris, Lt. Hademan, Lt. Jones, Lt. Staward, Lt. Cochren, Sgt. Patson, Sgt. Smith and an unidentified Sgt.[1] Plaintiff alleged that he was not allowed to attend a religious service, he has to conduct legal research when he is tired, he was issued a false disciplinary report, and he was subjected to unconstitutional conditions of confinement, all in violation of his constitutional rights.

**I. Factual Allegations**

Plaintiff alleged that on April 5, 2013, he wanted to attend religious services but was told that he was required to report to

---

[1] Record document number 9.

his job as a tier walker. Plaintiff alleged that he was told that if he failed to report for his job, he would be issued a disciplinary report. Plaintiff alleged that he was embarrassed and demoralized by the order and was denied his right to practice his religion.

Plaintiff alleged that on April 7, 2003, after working more than 120 hours the prior week, he was placed in administrative lockdown for refusing to report to his job as a tier walker. Plaintiff alleged that he did not refuse to work, but merely requested that he be allowed to rest because he was exhausted. Plaintiff alleged that because he was assigned to HRDC, he was issued a disciplinary report for a Rule 5 violation.

Plaintiff alleged that because he was required to work so many hours he was unable to go to the law library or confer with inmate counsel substitutes. Plaintiff alleged that he had to prepare his legal matters after putting in an exhausting day working as a tier walker.

Plaintiff alleged that on June 25, 2013, another inmate threw an unknown substance on him and he was required to work the remainder of the day, approximately six hours, without being allowed to wash off the unknown substance.

Plaintiff alleged that someone vomited on him, he was allowed to wash off the vomit with water, he was examined by an emergency medical technician, and was then required to complete his work.

## II. Applicable Law and Analysis

Defendants Howard Prince, James Tilman, Todd Barrere, Timothy Seals, Veronica Hardeman and Patrick Cochran moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.[2]

### A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] Msgt. Diggs, Msgt. N, Sgt. Unknown, Capt. Avasris, Lt. Jones, Sgt. Patson, Sgt. Smith and Lt. Staward were not served with a summons and the complaint. Record document number 15, U.S. Marshal's Process Receipt and Return. Notice of the return was provided to the plaintiff on December 23, 2014. Nothing in the record indicates that the plaintiff has provided the U.S. Marshal with the additional information needed to serve these defendants, or has taken any other action to have these defendants served. Nor has the plaintiff sought additional time to serve these defendants. These defendants have not filed an answer or other responsive pleading, they have not otherwise made an appearance, and they did not participate in the defendants' Motion to Dismiss.

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. No Physical Injury**

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

4

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions. The failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries.

**C. Religious Services**

Plaintiff alleged that he wanted to attend a religious service but was ordered to report to work or face disciplinary action.

Plaintiff failed to allege that he was denied reasonable opportunities to worship. Plaintiff's allegation that he was required to miss a single religious service, without more, does not rise to the level of a constitutional violation.

**D. Legal Research**

Plaintiff alleged that his opportunities to go to the law library or obtain assistance from inmate counsel substitutes are limited as a result of his work schedule. Plaintiff alleged that because of his work schedule he must conduct legal research and writing after his work shift is complete and when he is tired.

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been

5

found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions – such as taking or destroying legal papers – that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff failed to allege facts showing that the defendants interfered with his access to the courts.

**E. False Disciplinary Report**

Plaintiff alleged that he was issued a false disciplinary report accusing him of failing to report to work. Plaintiff alleged that he did not refuse to report to work, he simply needed to rest.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of

6

due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the prison were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

**F. Conditions of Confinement**

Plaintiff alleged that on June 25, 2013, another inmate threw an unknown substance on him and he was required to work the remainder of the day, approximately six hours, without being allowed to wash off the unknown substance.

Plaintiff alleged that on another occasion, someone vomited on him and he was allowed to wash off the vomit with water and was then examined by an emergency medical technician. Plaintiff alleged that afterwards he was required to complete his work assignment.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be

7

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[3]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Plaintiff conceded that he was permitted to wash the vomit off of him and was examined by medical personnel. Plaintiff did not allege that the defendants were aware that the unknown substance

---

[3] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting 'maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

was thrown on him or that they refused to permit the plaintiff to wash it off of him.

Moreover, the plaintiff failed to allege that he was deprived of a single identifiable human need as a result of not being allowed to wash off the unknown substance.

**G. Supervisory Liability**

Plaintiff named Warden Prince, Warden Tilman, Lt. Col. Barrere, Col. Seals, Lt. Hardeman and Lt. Cochran as defendants but failed to allege any facts against them.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that these defendants are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion To Dismiss be granted, dismissing the plaintiff's claims for compensatory damages pursuant to 42 U.S.C. § 1997e and his claim that he was issued a false disciplinary

report, and without leave to amend as to these claims.

It is further recommended that the remainder of the plaintiff's claims be dismissed, unless within such time as fixed by the district judge the plaintiff files an amended complaint that allege specific facts which state a claim against each defendant upon which relief may be granted.

It is further recommended that the claims against Mgt. Diggs, Mgt. N, Sgt. Unknown, Capt. Avasris, Lt. Jones, Sgt. Patson, Sgt. Smith and Lt. Staward be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., unless within such time as fixed by the district judge the plaintiff shows cause, in writing, why his claims against these defendant should not be dismissed for failure to timely serve them.

Baton Rouge, Louisiana, May 8, 2014.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE