UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LUCIEN P. BAZLEY (#358366)

VERSUS                                               CIVIL ACTION

WARDEN PRINCE, ET AL                                 NUMBER 13-520-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 23, 2015.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LUCIEN P. BAZLEY (#358366)

VERSUS

CIVIL ACTION

WARDEN PRINCE, ET AL

NUMBER 13-520-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion to Dismiss. Record document number 29. The motion is not opposed.

Pro se plaintiff, while confined at Hunt Correctional Center("HCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, Warden James Tilman, Lt. Col. Todd Barrere, Col. Timothy Seals, Lt. Veronica Hardeman, Lt. Patrick Cochran, Msgt. Diggs, Msgt. N, Capt. Avasris, Lt. Jones, Lt. Staward, Lt. Cochren, Sgt. Patson, Sgt. Smith and an unidentified Sgt.[1] Plaintiff alleged that he was not allowed to attend a religious service, he has to conduct legal research when he is tired, he was issued a false disciplinary report, and he was subjected to unconstitutional conditions of confinement, all in violation of his constitutional rights.

On May 8, 2014, a Magistrate Judge's Report was issued

---

[1] Record document number 9.

recommending that the defendants' Motion To Dismiss be granted, dismissing the plaintiff's claims for compensatory damages pursuant to 42 U.S.C. § 1997e and his claim that he was issued a false disciplinary report, and without leave to amend as to these claims.[2] The report also recommended that the remainder of the plaintiff's claims be dismissed, unless the plaintiff files an amended complaint that alleges specific facts which state a claim against each defendant upon which relief may be granted.[3] The report further recommended that the claims against Msgt. Diggs, Msgt. N, Sgt. Unknown, Capt. Avasris, Lt. Jones, Sgt. Patson, Sgt. Smith and Lt. Staward be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., unless the plaintiff shows cause, in writing, why his claims against these defendants should not be dismissed for failure to timely serve them.[4]

On July 9, 2014, the district judge adopted the Magistrate Judge's Report and recommendation.[5]

On July 28, 2014, the plaintiff filed a Motion to Amend, which was subsequently accepted as the plaintiff's second amended

---

[2] Record document number 25.

[3] *Id.*

[4] *Id.*

[5] Record document number 27.

complaint.[6]

Defendants Warden Prince, Warden Tilman, Lt. Col. Barrere, Col. Seals, Lt. Hardeman and Lt. Cochran moved to dismiss the second amended complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

## I. Factual Allegations

In his second amended complaint the plaintiff alleged that Warden Prince and Warden Tillman were responsible for creating and overseeing the tier walker program. Plaintiff alleged that he informed Warden Prince and Warden Tillman of the hardships he experienced as a tier walker but they did nothing to assist him.

Plaintiff alleged that on April 5, 2013, Capt. Avasris, Lt. Hardeman, Sgt. Patson and Sgt. Smith denied him his right to practice his religion. Plaintiff alleged that Capt. Avasris "was the superior threatening authority and force in violation" of his constitutional rights. The court interprets this allegation to mean the Capt. Avasris was the senior corrections office with the authority to take corrective action.

Plaintiff alleged that on April 7, 2013, Maj. Diggs, Capt. Avasris, Sgt. Patson and Sgt. Smith placed him in administrative lockdown after he was issued a disciplinary report for refusing to work. Plaintiff alleged that at the time he was issued the

---

[6] Record document number 28, motion; record document number 30, Order granting motion.

disciplinary report he had worked 15 hours per day for the prior eight days.

Plaintiff alleged that because he was required to work 15 hours per day, he was effectively denied access to the courts because he was not given sufficient time to conduct legal research. Plaintiff alleged that he discussed the matter with Warden Prince but the warden offered no relief. Plaintiff alleged that he then filed an administrative grievance.

Plaintiff alleged that on June 25, 2013, another inmate threw an unknown substance on him which he had retrieved from the toilet. Plaintiff alleged that he was involved in a prior incident with this inmate. Plaintiff alleged that he spoke with Col. Skeals. Plaintiff alleged that following the incident he was moved to Tier A by an unknown correctional officer. Plaintiff alleged that the unknown correctional officer did not allow him to shower and change his clothing for several hours.

Plaintiff alleged that on some unspecified later date, another inmate vomited on him. Plaintiff alleged that an unknown correctional sergeant, an unknown correctional major, Lt. Jones and Lt. Staward were aware of the incident. Plaintiff alleged that these officers did not allow him to shower and change his clothing following the incident.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and

a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

The allegations in the plaintiff's second amended complaint merely repeat the allegations in his original and first amended complaints. Therefore, for the reasons set forth in the magistrate judge's report issued on May 8, 2014, the defendants' Motion to Dismiss should be granted, and without granting the plaintiff further leave to amend the complaint.

### III. ORDER TO SHOW CAUSE

Plaintiff was ordered to show cause why the claims against Msgt. Diggs, Msgt. N, Sgt. Unknown, Capt. Avasris, Lt. Jones, Sgt. Patson, Sgt. Smith and Lt. Staward should not be dismissed for failure to serve the defendants within the time allowed by Rule 4(m), Fed.R.Civ.P.

In his response[7], the plaintiff argued that he completed the

---

[7] Record document number 28, pp. 4-5.

U.S. Marshal Service Process Receipt and Return 285-Form with the names of all of the defendants. Plaintiff argued that he could not explain why the U.S. Marshal did not serve these particular defendants. Plaintiff further argued that he does not have access to the internet or to telephone books.

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*. In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id*. at

7

1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the failure to timely service a defendant is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure. *Id*.

According to the U.S. Marshal Service Process Receipt and Return 285-Form filed December 23, 2013, service was not accepted by the Louisiana Department of Public Safety and Corrections for defendants Msgt. Diggs, Lt. Jones, Sgt. Smith and Sgt. Patson because no first names were provided, and Msgt. N, Sgt. Unknown, Capt. Avasris and Lt. Staward were unknown.[8] Plaintiff was given notice that service was not made on these defendants.[9] In addition, the plaintiff was provided a second notice in the defendants' first motion to dismiss[10] and a third notice in the

---

[8] Record document number 15.

[9] *Id*. Court records show that a copy of the service return form was sent to the plaintiff at the address provided in his notice of change of address filed on September 23, 2013. There is no indication in the record that this notice was returned as undeliverable.

[10] Record document number 20, p. 1, n. 1.

Magistrate Judge's Report issued May 8, 2014.[11]  Nonetheless, the plaintiff took no action to provide further information regarding the identity of the unserved defendants so they could be served by the U.S. Marshal.

The record evidence supports a finding that the failure to timely serve defendants Msgt. Diggs, Lt. Jones, Sgt. Smith, Sgt. Patson, Msgt. N, Sgt. Unknown, Capt. Avasris and Lt. Staward was due to the "dilatoriness or fault" of the plaintiff, and that the plaintiff has not shown good cause for failure to timely serve them.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted and the claims against defendants Warden Prince, Warden Tilman, Lt. Col. Barrere, Col. Seals, Lt. Hardeman and Lt. Cochran be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without further leave to amend.

It is further recommended that the plaintiff's claims against defendants Msgt. Diggs, Lt. Jones, Sgt. Smith, Sgt. Patson, Msgt. N, Sgt. Unknown, Capt. Avasris and Lt. Staward be dismissed for failure to timely serve these defendants pursuant to Rule 4(m), Fed.R.Civ.P., and that this action be dismissed.

Baton Rouge, Louisiana, January 23, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] Record document number 25, p. 4, n. 2.